IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DOLGENCORP, LLC and | ) | |
| DOLLAR GENERAL CORP., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | NO. 3:18-cv-0529 |
| | ) | JUDGE TRAUGER |
| NATIONAL UNION FIRE | ) | |
| INSURANCE CO. OF PITTSBURGH | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Defendant | ) | |

## **MEMORANDUM OPINION**

Pending before the court is Defendant's Motion to Dismiss (Docket No. 16). Defendant's Motion seeks to dismiss only one of Plaintiffs' claims, the claim for declaratory relief. For the reasons stated herein, Defendant's Motion will be denied.

BACKGROUND

This action arises from Defendant's alleged breach of two insurance contracts between Plaintiffs and Defendant, a commercial general liability policy (Docket No. 1-1, Ex. 2) and a business auto insurance policy (Docket No. 1-1, Ex. 3). The Complaint alleges that, on February 22, 2011, Howard Wade Luttrell was injured at a Dollar General store in Alabama, while unloading a truck. Luttrell filed suit against Plaintiffs in February of 2013, in state court in Alabama. The trial of that state court action resulted in a verdict against Dollar General in the amount of $925,000.

Plaintiffs allege that Defendant has wrongfully refused to pay the amount of this judgment under either of its two policies, resulting in both a breach of contract and a bad faith penalty. The Complaint seeks a declaratory judgment that the Alabama accident was covered under one of

Plaintiffs' two policies and that Plaintiffs complied with the policy notice provisions; damages from Defendant's breach of contract; and a bad faith penalty for Defendant's breach.

Defendant asks the court to dismiss Plaintiffs' claim for declaratory relief as inappropriate and unnecessary, given Plaintiffs' other two claims. Plaintiffs oppose Defendant's motion.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss; nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

DECLARATORY JUDGMENTS

The Declaratory Judgment Act states that, in a case of actual controversy within its jurisdiction, the court may declare the rights and other legal relations of any interested party seeking such declaration. 28 U.S.C. § 2201.[1] The point of the Act is to create a remedy for a preexisting right.

---

[1] Similarly, Tennessee law provides that courts of record have the power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. Tenn. Code Ann. § 29-14-102.

*Emergency Medical Care Facilities v. BlueCross BlueShield of Tenn., Inc.*, 2017 WL 237650 at * 9 (W.D. Tenn. Jan. 19, 2017).

The Sixth Circuit has adopted a five-factor test to assess the propriety of a federal court's exercise of discretion in a Declaratory Judgment Act case: (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase the friction between federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective. *Amsouth Bank v.* Dale, 386 F.3d 763 (6th Cir. 2004); *Scottsdale Ins. Co. v. Roumph,* 211 F.3d 964, 968 (6th Cir. 2000).

## ANALYSIS

In this case, Plaintiffs seek a declaration that at least one of the policies at issue provided coverage for the claims advanced in the Alabama suit. Plaintiffs also seek a declaration that Defendant is obligated to reimburse Plaintiffs for the cost of the judgment paid, less the applicable deductions. Finally, Plaintiffs ask the court to declare that they complied with the policy notice provisions, in light of the parties' longstanding course of dealings.

A declaratory judgment may not resolve this entire case, because Plaintiff seeks money damages and bad faith penalties. However, a declaration of rights as requested would clarify the rights and relations of the parties. There is no evidence that Plaintiffs have filed this motion for procedural fencing or to provide an arena for a race for res judicata. The court sees no reason that this action would increase the friction between federal and state courts and improperly encroach on

3

state jurisdiction. The only companion litigation in a state court is completed. Even though the claim for declaratory relief overlaps with Plaintiff's breach of contract and bad faith claims, clarification of whether Plaintiff fulfilled its responsibilities under the insurance contracts, in light of the normal course of dealing between the parties, will affect *future* relations and actions by the parties. Thus, the claim for declaratory relief is not completely duplicative of the other claims.

Unlike *Pineda Transportation, LLC v. FleetOne Factoring, LLC*, 2018 WL 2137760 (M.D. Tenn. May 9, 2018), cited by Defendant, this case involves contracts that are still in force. These contracts still provide coverage for the policy periods in which Plaintiff purchased coverage. It is not unreasonable to believe that other actions may arise during the policy periods. Therefore, Defendant's Motion to Dismiss Plaintiff's claim for declaratory relief will be denied.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE